UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISEO BEDOY,<br><br>Plaintiff,<br><br>v.<br><br>CRST THE TRANSPORTATION SOLUTION, INC., et al.,<br><br>Defendants. | No. 2:26-cv-01947-DJC-JDP<br><br><u>ORDER</u> |

Plaintiff Eliseo Bedoy originally filed suit in the San Joaquin Superior Court against his former employer, CRST Expedited, Inc., and former coworkers, Daniel Halcon and Jose Esqueda.[1] The core of Plaintiff's claims is that Plaintiff was subject to disability discrimination, ultimately resulting in his termination.

[1] In Plaintiff's Complaint, Plaintiff brings claims against CRST The Transportation Solution, Inc., CRST Specialized Solutions, Inc., Gardner Trucking, Inc., CRST Expedites, Inc., individually named defendants, and Does 1 through 100. Defendant CRST Expedited, Inc. asserts that the correct spelling of "CRST Expedites, Inc." is "CRST Expedited, Inc.," and Gardner Trucking, Inc. no longer exists and is now merged into CRST Expedited, Inc. (*Id.* ¶¶ 4, 10.) Further, Defendant CRST Expedited, Inc. asserts that the individually named defendants were erroneously sued as "Daniel Falcon" and "Joe Esqueda" and that the correct spelling of the Defendants' names are "Daniel Halcon" and "Jose Esqueda" respectively. (Not. of Removal (ECF No. 1) ¶ 4.) In the Motion to Remand, Plaintiff clarifies that the "properly named defendants in this case are CRST Expedited, Daniel Halcon, and Jose Esqueda." (Mot. (ECF No. 10) at 3.) As such, this order will refer to the defendants as: CRST Expedited, Inc., Daniel Halcon, and Jose Esqueda.

Defendant CRST removed this action, asserting that the Court has jurisdiction based on diversity of citizenship between Defendant CRST and Plaintiff, and that Defendants Halcon and Esqueda could be disregarded as they are sham defendants. (Not. of Removal.) Plaintiff subsequently filed a Motion to Remand this action to the San Joaquin Superior Court. (Mot.) For the reasons stated below, the Court grants the Motion to Remand.

## BACKGROUND

Plaintiff worked as a Driver for Defendant CRST from September 21, 2021, until his termination on October 10, 2023. (Stastny Decl., Ex. 3 (ECF No. 1-3) ¶ 7.) During his employment, Plaintiff developed Dupuytren's contracture in both of his hands and requested accommodations to reduce pain during driving. (Compl., Ex. A-1 (ECF No. 1-2) ¶ 10.) According to the Complaint, Defendant denied the accommodation request and asked for "a reexamination and the release of detailed medical information." (*Id.*) Plaintiff did not provide the requested medical information, because he had submitted a note from his family doctor, which he believed to be "sufficient." (*Id.*) "Plaintiff was later terminated." (*Id.*)

Based on these events, Plaintiff asserts a variety of disability discrimination and retaliation claims under the California Fair Employment and Housing Act ("FEHA"), codified at Cal. Gov't Code §§ 12940, et seq., and the California Labor Code. (*See generally id.*) Plaintiff is a resident of California, and Defendant CRST Expedited, Inc. is incorporated and headquartered in Iowa. (*See* Not. ¶¶ 13–16, Ex. B.) Plaintiff moves to remand this action, arguing that the parties are not completely diverse because Defendants Halcon and Esqueda are citizens of California for purposes of diversity jurisdiction. (*See* Mot. at 4–7.) Defendants counter that Halcon and Esqueda are sham defendants, rendering their citizenship irrelevant in the assessment of diversity jurisdiction. (Opp'n (ECF No. 11) at 7–9.)

Defendants timely removed the action to this Court under 28 U.S.C. § 1441. (Not. of Removal.) Plaintiff subsequently filed a Motion to Remand based on an

absence of diversity of citizenship. (Mot.) This Motion is fully briefed, and was submitted without oral argument pursuant to Local Rule 230(g). (Opp'n; *see also* ECF No. 13.)

**LEGAL STANDARD**

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Generally, courts "strictly construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

A case may be removed to federal court if that court would have jurisdiction over the matter. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, 'it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter*, 582 F.3d at 1042 (quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). As a result, "[t]he 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two stringent standards are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Grancare, LLC v. Mills ex. rel Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1044). Defendant CRST challenges the joinder of Defendants

Halcon and Esqueda on the second basis. (*See* Not. ¶¶ 18–26; Opp'n at 7–9.) Under this standard, Defendant must establish that "there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)). Defendant "bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

Establishing an inability to state a cause of action against a non-diverse defendant requires more than a showing that the claim does not meet the standard for a motion to dismiss under Rule 12(b)(6). *Id.* at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 2:12-cv-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases).

As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert procedural defenses and immunities that are distinct from the underlying merits of the claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318–19 (9th Cir. 1998); *Grancare*, 889 F.3d at 548–49. For example, a successful statute of limitation challenge, a state law privilege, or other inability to hold the defendant liable are instances in which fraudulent joinder may be established because those defenses render the claim impossible. *See Ritchey*, 139 F.3d at 1320 (finding joinder fraudulent where statute of limitations barred claims against defendants); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (same); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding joinder fraudulent where state law privilege barred claim against defendants); *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (finding joinder fraudulent in a breach of contract claim where defendant was "not a party to any relevant contract").

## DISCUSSION

Plaintiff's Motion does not dispute that Plaintiff's citizenship is diverse from Defendant CRST's citizenship. (*See generally* Mot.) Therefore, the issue the Court must decide is whether Defendants Halcon and Esqueda defeat complete diversity.[2] Defendant CRST asserts removal was proper because Defendants Halcon and Esqueda are sham defendants and that, without their joinder, this Court has diversity jurisdiction. (Not. ¶¶ 18–26; Opp'n at 7–9.) Meanwhile, Plaintiff seeks remand of this action due to a lack of complete diversity and failure to meet the amount in controversy. (Mot. at 14–15.) The Court finds that the parties are not completely diverse, and thus does not address whether the amount in controversy is met.

### I. FEHA Harassment Claim

Plaintiff's sole claim against Defendants Halcon and Esqueda is the Second Cause of Action for harassment on the basis of disability in violation of FEHA. (Compl. ¶¶ 23–31.) FEHA prohibits harassment of an employee based on certain protected characteristics, including physical disability and medical condition. Cal. Gov't Code § 12940(j)(1). In their Opposition, Defendant CRST argues that they have established fraudulent joinder because "Plaintiff identifies no pled or proffered facts showing harassing, let alone severe and pervasive, conduct by the Individual Defendants." (Opp'n at 7.) Defendant CRST further states that any conduct alleged is merely "ordinary personnel management." (*Id.*)

To establish a claim for harassment under FEHA, a plaintiff must demonstrate that 1) they are a member of a protected class; 2) they were subjected to harassment because they belonged to this class; and 3) the alleged harassment was so severe that it created a hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). California courts have held that the exercise of personnel

---

[2] Defendant initially argues in their Opposition that Plaintiff's Motion to Remand should be denied for failure to meet and confer. (Opp'n at 6.) While the Court strongly encourages the parties to meet and confer, it does not appear that meet and confer efforts would have been effective here.

management authority "might result in discrimination, but not in harassment." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64 (1996). Therefore, "commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments," and "deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* at 64–65; *see also Lawler*, 704 F.3d at 1244.

Plaintiff's allegations in the operative complaint likely do not meet the standard to establish harassment under FEHA. Plaintiff does not identify how any specific comments or actions on the part of Defendants Halcon and Esqueda constituted harassment on the basis of his disability. Plaintiff's only specific allegation regarding the individual Defendants is that Plaintiff had a conversation with Esqueda about Plaintiff's accommodations request, which was later denied. (Compl. ¶ 10.) The conversation, refusal to provide accommodations, and subsequent termination likely "squarely fit within the scope of personnel management decisions." *Velente-Hook v. E. Plumas Health Care*, 368 F. Supp. 2d 1084, 1103 (E.D. Cal. 2005); see also *Janken*, 46 Cal. App. at 64–65.

However, the question for purposes of fraudulent joinder is not whether the Court would grant a motion to dismiss under Rule 12(b)(6). Rather, Defendant CRST's "heavy burden" is to demonstrate there is "no possibility" that Plaintiff could prevail on any claim against Defendants Halcon and Esqueda. *Grancare, LLC*, 889 F.3d at 548–49. Defendant CRST has not met this burden by establishing only that Plaintiff's allegations are insufficient as currently pled. *Id.* As the Court reads the limited Ninth Circuit caselaw in this area, the failure to allege adequate facts to state a claim is insufficient to make a showing of fraudulent joinder. *See Ontiveros*, 2013 WL 815975, at *5 (collecting cases). Or to put it another way, the possible present inadequacy of the pleadings does not show that Plaintiff will ultimately be unable to state an actionable harassment claim against these Defendants, given that FEHA expressly

authorizes harassment claims against employees. *See id.* at *6; Cal. Gov't Code § 12940(j)(3).

Accordingly, the Court finds that Defendant CRST has not met its burden to show Plaintiff fraudulently joined Defendants Halcon and Esqueda. Therefore, Plaintiff's Motion to Remand must be granted as there is not complete diversity of the parties. 28 U.S.C. § 1447(c); *see* 28 U.S.C. § 1332(a). As the Court grants remand on this basis, it is unnecessary to address the parties' arguments as to whether the amount in controversy is met.

**II. Leave to Amend Notice of Removal**

Defendant CRST requests leave to amend their Notice of Removal under 28 U.S.C. § 1653, should the Court find it lacks jurisdiction. (Opp'n at 13–14.) The Court recognizes that defective allegations of jurisdiction in a removal petition may be cured through amendment. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001). If, as here, a defendant seeks to amend more than thirty days after being served with the initial state court pleading, they are permitted to do so only to cure a technical defect in the jurisdictional allegation, not to add a new basis for jurisdiction. *See ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000); *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 578–79 (S.D. Miss. 2000) (collecting cases).

Amendment is inappropriate in this case, because Defendant CRST would need to set forth a new jurisdictional theory for the Court to deny Plaintiff's Motion to Remand. As it stands, the sole alleged basis for jurisdiction is fraudulent joinder based on Plaintiff's failure to adequately state a claim of harassment against Defendants Halcon and Esqueda. (*See generally* Not.; Opp'n.) But the failure to allege adequate facts is insufficient to make a showing of fraudulent joinder. *See Ontiveros*, 2013 WL 815975, at *5 (collecting cases). Without setting forth a new ground for removal, Defendant CRST fails to demonstrate how amendment could cure

the lack of complete diversity, which is substantive rather than procedural. (Opp'n at 13–14).

Therefore, Defendant CRST's request that the Court permit amendment of the Notice of Removal prior to remanding this case is denied.

**CONCLUSION**

For the reasons stated above, the Court concludes that the parties' citizenship is not completely diverse. Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 10) is GRANTED. The Clerk of Court is directed to remand this case to the Superior Court of California, County of San Joaquin, and close this case.

IT IS SO ORDERED.

Dated: **September 23, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC11 – bedoy26cv01947.mtr